PASSMORE *against* MOTT.

DUNGAN *against* Same.

1809.

*Philadelphia,*
*Tuesday,*
December 26.

THESE causes were brought before the court by *certio-* rari to an alderman of the city, and depended upon the same principle.

By the evidence which accompanied the alderman's return, the defendant was sued in each case for the price of a ticket in the Easton Delaware Bridge Lottery, which he had signed as secretary to the corporation of the Easton Delaware Bridge Company, purporting in the usual form, that the bearer would be entitled to the prize drawn to the number of the ticket, if demanded in one year. Whether the tickets were drawn prize or blank, did not appear; but it was understood that the actions were brought to recover back the price of the tickets, upon an allegation that the lottery had not been fairly drawn. Of this however there was no evidence on the return, the alderman having given judgment merely upon proof of the defendant's handwriting.

The proceedings were defective in many particulars; but it was agreed by *Phillips*, *Hopkinson*, and *Ingersoll* for the defendant, to submit the cases without argument, upon the single objection that the defendant was not personally answerable; for which they cited *Jones* v. *Le Tomb* (a) and *Macbeath* v. *Haldimand* (b).

*Franklin* (attorney general) for the plaintiff.

TILGHMAN C. J. after stating the case, delivered judgment.

The question in these causes is, whether the defendant, acting as secretary to an incorporated company, and signing his name as secretary, is responsible personally to the plaintiffs. It would be extremely hard if he were so responsible, because the contract was expressly made by him on behalf of the company; nor is there the least reason to suppose that the plaintiffs trusted to his individual credit. The law has

*The secretary of an incorporated company, who as such signs a lottery ticket for the company, is not personally responsible to the holder.*

(a) 3 *Dall.* 384.                    (b) 1 *D. & E.* 172.

VOL. II.                    2 C

1809.

PASSMORE
v.
MOTT.

been long settled in cases similar to the present. In *Macbeath* v. *Haldimand*, it was decided that general *Haldimand* was not responsible for contracts made by him in *Canada*, on behalf of the *British* government; and in *Jones* v. *Le Tomb*, it was determined, without hearing the argument of the defendant's counsel, that he was not answerable for bills of exchange drawn by him in the *United States*, as consul general for *France*, on the *French* government, payable in *Paris*, and which were protested for non-payment.

The court are therefore of opinion that the judgment in each of these causes be reversed.

Judgment reversed.